United States District Court
Southern District of Texas
**ENTERED**
May 12, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| ROSIE BROWN, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. V-14-0052 |
| | § | |
| VICTORIA INDEPENDENT SCHOOL | § | |
| DISTRICT, *et al.*, | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion for Summary Judgment ("Motion") [Doc. # 29] filed by Defendant Victoria Independent School District ("VISD"), to which Plaintiff Rosie Brown, as representative of K.B., a minor, filed a Response [Doc. # 32], and VISD filed a Reply [Doc. # 33]. Having reviewed the record and the applicable legal authorities, the Court **grants** VISD's Motion.

### I.  BACKGROUND

K.B. was a student at Victoria East High School (a VISD school) during the 2012-13 school year. Plaintiff, K.B.'s mother, was a VISD employee at the time.

In August 2012, K.B. was the subject of inappropriate sexual advances and behavior by Jesse Earl Holmes, an athletic trainer at Victoria East High School. In early October 2012, Plaintiff learned that K.B. was receiving inappropriate text

messages from a school employee, but did not know the employee's identity. Plaintiff discussed her concerns with a friend and co-worker, Patricia Roeh.

On October 8, 2012, Roeh met with Eloy Chapa, VISD's Executive Director of Human Resources. At that time, Roeh advised Chapa that Plaintiff suspected that her daughter was having an inappropriate relationship with a VISD employee. Chapa instructed Roeh to encourage Plaintiff to meet with him so VISD could investigate the matter.

On the morning of October 9, 2012, Roeh returned to Chapa's office. While Roeh was in the office, Chapa contacted Plaintiff by telephone. Plaintiff declined Chapa's invitation to come to his office to discuss the matter and advised that she intended to report the matter to the Victoria Police Department.

On the evening on October 10, 2012, an officer with the Victoria Police Department contacted Chapa seeking contact information for Holmes. Chapa went to his office and obtained the information, which he provided to the officer. Later that evening, the officer again telephoned Chapa to advise that he had spoken with Holmes and had obtained possession of his cell phone. Chapa immediately reported this information to Dr. Robert Jaklich, VISD Superintendent of Schools, who instructed Chapa to have Holmes report to the Superintendent's Office.

The next day, October 11, 2012, Holmes met with Jaklich. During the meeting, Holmes resigned his employment with VISD. Holmes was later convicted of sexual assault of a minor and was sentenced to a term of imprisonment of 15 years.

Plaintiff filed this lawsuit in August 2014. She later filed a First Amended Complaint [Doc. # 10] and a Second Amended Complaint [Doc. # 20]. Plaintiff's only remaining claim is a 42 U.S.C. § 1983 claim against VISD. After the close of discovery, VISD filed its Motion for Summary Judgment. The Motion has been fully briefed and is now ripe for decision.

## II.   STANDARD FOR MOTION FOR SUMMARY JUDGMENT

Rule 56 of the Federal Rules of Civil Procedure provides for the entry of summary judgment against a plaintiff who fails to make a sufficient showing of the existence of an element essential to her case and on which she will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Curtis v. Anthony,* 710 F.3d 587, 594 (5th Cir. 2013); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*). Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex*, 477 U.S. at 322-23; *Curtis*, 710 F.3d at 594.

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact." *ACE Am. Ins. Co. v. Freeport Welding & Fabricating, Inc.*, 699 F.3d 832, 839 (5th Cir. 2012). The moving party, however, "need not negate the elements of the nonmovant's case." *Coastal Agric. Supply, Inc. v. JP Morgan Chase Bank, N.A.*, 759 F.3d 498, 505 (5th Cir. 2014) (quoting *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005)). The moving party may meet its burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003) (citing *Celotex*, 477 U.S. at 323; *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996)).

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 141 (5th Cir. 2004); *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted). "An issue is material if its resolution could affect the outcome of the action." *Spring Street Partners-IV, L.P. v. Lam*, 730 F.3d 427, 435 (5th Cir. 2013). A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-movant. *See Tamez v. Manthey*, 589

F.3d 764, 769 (5th Cir. 2009) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)); *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006).

In deciding whether a genuine and material fact issue has been created, the court reviews the facts and inferences to be drawn from them in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). "'Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial.'" *Pioneer Exploration, L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (quoting *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002); *accord Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008). Instead, the nonmoving party must present specific facts which show "the existence of a genuine issue concerning every essential component of its case." *Firman v. Life Ins. Co. of N. Am.*, 684 F.3d 533, 538 (5th Cir. 2012) (citation and internal quotation marks omitted). In the absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts. *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

The Court may make no credibility determinations or weigh any evidence. *Chaney v. Dreyfus Serv. Corp.*, 595 F.3d 219, 229 (5th Cir. 2010) (citing *Reaves*

*Brokerage Co.*, 336 F.3d at 412-13). The Court is not required to accept the nonmovant's conclusory allegations, speculation, and unsubstantiated assertions which are either entirely unsupported, or supported by a mere scintilla of evidence. *Id.* (citing *Reaves Brokerage*, 336 F.3d at 413); *accord, Little*, 37 F.3d at 1075. Affidavits cannot preclude summary judgment unless they contain competent and otherwise admissible evidence. *See* FED. R. CIV. P. 56(c)(4); *Love v. Nat'l Med. Enters.*, 230 F.3d 765, 776 (5th Cir. 2000).

### III. SECTION 1983 CLAIM

#### A. Applicable Legal Principles

Plaintiff in her § 1983 claim alleges that VISD violated K.B.'s constitutional right to personal safety and bodily integrity. To avoid summary judgment on her § 1983 claim against VISD, Plaintiff must present evidence of a policy or custom that was the "moving force" behind the claimed constitutional violation. *See Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 694 (1978); *Thompson v. Mercer*, 762 F.3d 433, 441-42 (5th Cir. 2014), *cert. denied*, __ U.S. __, 135 S. Ct. 1492 (2015); *Kitchen v. Dallas Cnty.*, 759 F.3d 468, 476-77 (5th Cir. 2014).

"The 'moving force' inquiry requires a plaintiff to make two showings: causation and culpability." *Mason v. Lafayette City-Parish Consol. Government*, 806 F.3d 268, 280 (5th Cir. 2015). The plaintiff must present evidence that demonstrates

a "direct causal connection . . . between the policy and the alleged constitutional deprivation." *Id.* (quoting *Fraire v. City of Arlington*, 957 F.2d 1268, 1281 (5th Cir. 1992)). The "moving force" element requires a standard of causation higher than "but for" causation. *Id.*

"Under the culpability requirement, if the policy is facially lawful, a plaintiff must also show that the municipality promulgated the policy with deliberate indifference to the known or obvious consequences that constitutional violations would result." *Id.* (internal quotations and brackets omitted). A "showing of heightened negligence is insufficient to show the deliberate indifference needed to prove municipal liability." *Id.*

### B. Analysis

Plaintiff has presented evidence that VISD adopted a policy that allowed educators to communicate with students via electronic media.[1] VISD has presented a copy of the written policy, DH (Local) and DH (Exhibit), as Exhibit 1 to the Motion.

---

[1] In her Response, Plaintiff argues that VISD violated § 1983 because it failed to train its employees to use electronic media properly and failed to monitor the use of electronic media by its employees. Plaintiff has not, however, alleged a failure to train or a failure to supervise claim in this case. Additionally, Plaintiff has not identified or presented evidence regarding the specific additional training that she claims was needed to instruct VISD employees not to have sexual relationships with minor students. Similarly, Plaintiff has failed to present evidence regarding how VISD could constitutionally have monitored the electronic communications between a teacher and student when each was using a personal cell phone.

DH (Local) provides that certain employees "may use electronic media to communicate with currently enrolled students about matters within the scope of the employee's professional responsibilities." *See* DH (Local) Policy, p. 1. The DH (Local) Policy provides further that an employee is subject to discipline, including discharge, if the employee's "use of electronic media violates state or federal law or District policy. . .." *See id.* at 2. The DH (Local) Policy specifically prohibits harassment, including sexual harassment, by an employee toward a student, and provides clearly and unequivocally that an "employee shall not form romantic or other inappropriate social relationships with students. Any sexual relationship between a student and a District employee is always prohibited, even if consensual." *See id.*

The DH (Exhibit) Policy, entitled "Educators' Code of Ethics," provides that an educator "shall not solicit or engage in sexual conduct or a romantic relationship with a student or minor." *See* DH (Exhibit) Policy, Standard 3.6. The DH (Exhibit) Policy provides clearly that the "educator shall refrain from inappropriate communication with a student or minor, including, but not limited to, electronic communication such as cell phone, text messaging, e-mail, instant messaging, blogging, or other social network communication." *Id.*, Standard 3.9.

Plaintiff has failed to present evidence that raises a genuine issue of material fact regarding whether the VISD Policy allowing employees to communicate

electronically with students was the moving force in the violation of K.B.'s constitutional rights. Indeed, there is no evidence of a direct causal connection between the Policy described above and the constitutional deprivation at issue in this case. It was the *violation* of the Policy, not the Policy, that led to Holmes's inappropriate contact with K.B. As a result, Plaintiff has failed to raise a fact dispute as to an essential element of her § 1983 claim and VISD is entitled to summary judgment.

### IV.   CONCLUSION AND ORDER

Based on the foregoing, it is hereby

**ORDERED** that VISD's Motion for Summary Judgment [Doc. # 29] is **GRANTED**. The Court will issue a separate Final Judgment.

SIGNED at Houston, Texas, this **12th** day of **May, 2016**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE